FILED: 8/16/2017 1:13 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO. B170278-C

| | | |
|---|---|---|
| JULIA NORWOOD | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | ORANGE COUNTY, TEXAS |
| INDUSTRIAL WAREHOUSE | § | |
| SERVICES, INC., CARL BURRELL, | § | |
| and TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | 163rd JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUESTS FOR DISCLOSURE**

COMES NOW, Plaintiff, JULIA NORWOOD, and files this her Original Petition and Request for Disclosure complaining of INDUSTRIAL WAREHOUSE SERVICES, INC., CARL BURRELL, and TEXAS DEPARTMENT OF TRANSPORTATION, hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

**I. DISCOVERY**

Plaintiff intends that discovery be conducted pursuant to Level 3.

**II. REQUIREMENT UNDER RULE 47 OF THE
EXAS RULES OF CIVIL PROCEDURE**

Discovery in this case is in its infancy, and Plaintiff believes it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case. However, under Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff is required to specifically plead the amount of monetary compensation being sought. In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiff respectfully pleads for

1

monetary compensation under Rule 47(c), subsection 5 of the Texas Rules of Civil Procedure.

## III. PARTIES

Plaintiff is a resident of Orange County, Texas.

Defendant, INDUSTRIAL WAREHOUSE SERVICES, INC., is a foreign corporation, doing business in the venue and jurisdiction of this court. Defendant is required to maintain a registered agent in this state, but does not. Defendant INDUSTRIAL WAREHOUSE SERVICES, INC., may be served by serving the Secretary of State pursuant to CPRC § 17.044(a). Defendant's home office address is 502 Bear Creek Cutoff Road, Tuscaloosa, AL 35405-6443. Plaintiff requests that the clerk issue citation and return the same to Plaintiff's counsel for service by private process server.

Defendant, CARL BURRELL, is an Alabama resident who may be served by serving the Chairman of the Texas Transportation Commission, pursuant to Tex. Civ. Prac. & Rem. Code § 17.062. The Chairman is requested to mail a copy of the citation and petition and request for disclosure by certified mail, return receipt requested, to the defendant at 1601 Mimosa Park Rd., Apt. 209, Tuscaloosa, AL 35405, in accordance with Tex. Civ. Prac. & Rem. Code § 7.063. Plaintiff requests that the clerk issue citation and return the same to Plaintiff's counsel for service by private process server.

Defendant Texas Department of Transportation is an agency of the State of Texas, and may be served by serving Tryon D. Lewis, Chairman, Texas Transportation Commission 125 E. 11th Street Austin, Texas 78701-2483. Plaintiff requests that the

2

clerk issue citation and return the same to Plaintiff's counsel for service by private process server.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are in excess of the minimum jurisdictional limits of the Court. Venue is proper in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because Orange County, Texas is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

### V. FACTS

On June 26, 2017, Plaintiff, Julia Norwood, stopped in the inside lane of Highway 62 in Orange, TX near the Pilot Truck Stop, due to traffic. Defendant, Carl Burrell, was driving a 2014 Freightliner tractor trailer, owned by Industrial Warehouse Services, Inc. Carl Burrell was an employee or a statutory employee of Industrial Warehouse Services, Inc., and was in the course and scope of his employment at the time of the accident. Defendant Burrell struck the rear of Plaintiff's vehicle with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful debilitating injuries.

### VI. NEGLIGENCE OF DEFENDANT CARL BURRELL

The collision made the basis of this lawsuit resulted from the improper conduct of Defendant, Carl Burrell. Defendant's conduct constitutes negligence and/or negligence *per se* as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit.

3

Carl Burrell had a duty to exercise ordinary care and to operate his vehicle in a reasonable and prudent manner. Carl Burrell breached his duty of care. His negligent actions and/or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a. failing to maintain a proper lookout;

b. failing to operate his vehicle in a safe manner;

c. failing to avoid the incident in question;

d. failing to maintain an assured safe distance;

e. failing to timely apply the brakes to his vehicle;

f. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

g. failing to control the speed of his vehicle;

h. other acts of negligence and negligence per se.

### VII. NEGLIGENCE OF INDUSTRIAL WAREHOUSE SERVICES, INC.

At all relevant times, Carl Burrell was the agent, servant and employee of Defendant, INDUSTRIAL WAREHOUSE SERVICES, INC., and was working within the course and scope of employment with said defendant, and in furtherance of their business. Accordingly, Defendant, INDUSTRIAL WAREHOUSE SERVICES, INC., is liable pursuant to the theory of law known as respondeat superior and pursuant to the laws of agency for their driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiff referenced below. Further, at the time of the collision, the truck was under the legal operation of Defendant, INDUSTRIAL WAREHOUSE SERVICES, INC. and said defendant is liable for the careless and

negligent operation of said truck which was a proximate cause of the collision and damages sustained by the Plaintiff.

## VIII. GROSS NEGLIGENCE

Further, Plaintiff would show that the Defendant, Carl Burrell, was known to be an unsafe driver. Defendant, INDUSTRIAL WAREHOUSE SERVICES, INC.'s decision to allow its agent, servant and employee, to operate a tractor trailer on the highway, given his driving record and the potential for disaster, signifies conscious indifference and gross negligence on the part of Defendant.

## IX. EXEMPLARY DAMAGES

The acts and omissions of CARL BURRELL and INDUSTRIAL WAREHOUSE SERVICES, INC., referenced above, not only constituted negligence, but gross negligence, wanton and willful misconduct, and conscious indifference for the rights and welfare of Plaintiff, thereby entitling Plaintiff to recover punitive or exemplary damages in such amount as the jury finds to be proper upon trial of this matter.
of the collision and the Plaintiffs' damages.

## X.

## TEXAS DEPARTMENT OF TRANSPORTATION

The cause of action against the Department of Transportation fits within the exemptions to sovereign immunity in that it involves the use of real property. The Department of Transportation had a duty to design and construct the roadway in question using ordinary care. Defendant failed to use ordinary care when it designed and constructed the road creating a premise defect. As a result of the poor design of

5

roadway, and the improper planning of signs and warnings at the area near the Pilot Truck Stop where the collision occurred, there have been a multiple crashes many involving commercial motor vehicles. The defects include a lack adequate lane markings and warning signs. The Texas Department of Transportation's negligence was a proximate cause of the collision and plaintiffs' damages.

## XI.  DAMAGES

As a result of the incident made the basis of this lawsuit as described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain damages in the future.

Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she incurred in the past and that she will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to, the following:

1. Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

2. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3. Mental anguish and physical pain and suffering in the past and in the future;

4. Physical impairment in the past and in the future;

5. Pre-judgment and post-judgment interest;

6. Exemplary damages; and

7. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## XII.  PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## XIII.  JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

## XIV.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194, request is made that each Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l). Each Defendant must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this Request. Failure to timely respond shall constitute an abuse of Discovery pursuant to Texas Rule of Civil Procedure 215.

## XV.  RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XVI. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiff recover damages in accordance with the evidence, costs of Court herein expended, interest to which Plaintiff is justly entitled under the law, and that the Court grant Plaintiff such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
CLAY DUGAS
TBA #06173200
dugas@claydugas.com
350 Pine Street, Suite 1750
Beaumont, TX 77701
(409) 813-1111
(409) 813-1396 - Facsimile

**ATTORNEYS FOR PLAINTIFF**